**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

CASEY CORDERO ALLEN                                          PETITIONER

v.                                          CIVIL ACTION NO. 5:25-CV-233-JHM

WESTERN STATE HOSPITAL                                      RESPONDENT

**<u>MEMORANDUM OPINON AND ORDER</u>**

*Pro se* Petitioner Casey Cordero Allen has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DNs 1 and 8).  On preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," Rule 4 of the Rules Governing § 2254 Cases,[1] the Court will order Petitioner to show cause why this petition should not be dismissed because he is not in custody and because he failed to exhaust his administrative remedies.

**I.**

The petition indicates that Petitioner is challenging a detainer stemming from a Daviess County Court December 11, 2025, order that he participate in "out-patient treatment."[2]  He states that he was arrested on November 17, 2025, for terroristic threatening.  He brings four claims: Sixth Amendment "public trial hearings," his "constitutional right" to refuse medication, being "held in a room one hallway 15 feet wide 60 feet longish on 250 sq ft eating space and TV area," and "right to do what he wanted without being told by the state court to attend a hearing [that] I

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may apply the Rules to § 2241 cases.

[2] This appears to be a decision made in *Wilborn v. Allen*, No. 25-D-00468, a domestic violence case.  Petitioner also mentions a Christian County Court decision but provides no particulars and a search of KYeCourts CourtNet 2.0 system (CourtNet), *see* https://kcoj.kycourts.net/kyecourts, does not reveal a case against him in Christian County.

had to agree to [in order] to get out of cell." Petitioner states that he did not appeal that decision because "talking in court hearing lifing."

As relief, Petitioner asks to "appeal verbal motions" and for $390,000.

**II.**

Section 2241 authorizes a district court to grant a writ of habeas corpus if a petitioner establishes that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The custody requirement may be met even if the petitioner is not physically confined. *Jones v. Cunningham,* 371 U.S. 236, 239-40 (1963). A petitioner on parole, for example, is "in custody" because the parole restrictions "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do." *Id.* at 243.

Courts have found that a petitioner is "in custody" in cases involving some form of mandatory counseling or rehabilitation programming. *See, e.g.*, *Dow v. Cir. Ct. of First Cir. Through Huddy*, 995 F.2d 922, 923 (9th Cir. 1993) (per curiam) (involving mandatory participation in 14-hours of alcohol rehabilitation programming); *Yong v. I.N.S.*, 208 F.3d 1116, 1118 (9th Cir. 2000) (holding that a § 2241 petitioner was in custody when he had to submit to substance testing, a curfew, and provide notice if he would be gone from his halfway house for more than three days); *Profitt v. Howe*, No. 17-CV-07136-JD (PR), 2019 WL 1981177, at *1 (N.D. Cal. May 3, 2019) (involving court-ordered participation in counseling as directed by a probation officer, including enrollment in an 18-month alcohol rehabilitation program); *Pauling v. McKenna*, No. C04-2203C, 2005 WL 3132213, at *2 (W.D. Wash. Nov. 22, 2005) (involving requirement of attending four domestic violence treatment program sessions).

In the case at bar, there is nothing to support a conclusion that the out-patient treatment requirement here prevents Petitioner from coming and going as he pleases or otherwise restricts

2

him in any manner.  Petitioner does not explain what, if any, rules of the out-patient treatment program he is subject to.  Nor does he explain whether he must be present at any particular place or time, whether he must participate in any programming or treatment, or any other practical effects of the program on Petitioner's freedom.  In short, the Court must rely on speculation to find that Petitioner is "in custody" for purposes of his petition, which is inadequate.  *See Corridore v. Washington*, 71 F. 4th 491, 496 (6th Cir. 2023) (explaining that the crux of the matter is "whether a petitioner's movement is limited because of direct government control and therefore amounts to a severe restraint on liberty").

Additionally, a petitioner is required to exhaust his state remedies prior to bringing a habeas action.  *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).  "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."  *Id*.; *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982).  "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."  *Id*. at 518-19.  Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed.  *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc).  The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner does not provide a comprehensible reason why he cannot challenge the detainer order requiring that he undergo out-patient treatment in the state court. Thus, it appears to the Court that Petitioner has failed to exhaust his claims.

### III.

Before dismissing the petition, the Court will afford Petitioner the opportunity to show cause why his petition should not be dismissed for failure to demonstrate that he is in custody and for failure to exhaust all available state court remedies. Accordingly,

**IT IS ORDERED** that **by <u>September 11, 2026</u>**, Petitioner must show cause why his § 2241 petition for writ of habeas corpus should not be dismissed for failure to meet the custody requirement and for failure to exhaust available state court remedies.

<u>**Petitioner is warned that his failure to respond by September 11, 2026, will result in dismissal of the action for the reasons set forth herein**</u>.

Date:   August 11, 2026

Joseph H. McKinley Jr., Senior Judge<br/>United States District Court

cc:    Petitioner, *pro se*
4414.009